# EXHIBIT 1

Filed
D.C. Superior Court
02/23/2022 23:03PM
Clerk of the Court

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

KOONZ MCKENNEY JOHNSON &
DEPAOLIS LLP,

                    Petitioner,                                    Case No.:  2021 CA 003418 B

          v.                                                       Judge Jason Park

WILLIAM P. LIGHTFOOT.,

                    Respondent.

## ORDER

This matter is before the Court on the motion of petitioner Koonz McKenney Johnson &

DePaolis LLP ("Koonz McKenney") to confirm arbitration award, filed September 20, 2021, and

respondent William Lightfoot's motion to vacate or modify arbitration award, filed October 20,

2021. For the reasons stated below, the Court confirms the arbitration award and denies the

respondent's motion to vacate or modify.

## BACKGROUND

This matter arises out of disputes between petitioner Koonz McKenney, a law firm, and

respondent William Lightfoot, a former Koonz McKenney partner. *See* Resp't's Opp'n to Mot. to

Confirm Arbitration Award ("Resp't's Opp'n") at 1; Pet'r's Mot. for Confirmation of Arbitration

Award ("Pet'r's Mot. for Confirmation") ¶ 6. The disputes arose following Mr. Lightfoot's

withdrawal as a partner from the firm. *Id.* ¶ 7.

On September 14, 2020, the petitioner commenced arbitration proceedings against the

respondent pursuant to the mandatory arbitration clause of the Koonz McKenney Partnership

Agreement. *See* Pet'r's Mot. for Confirmation ¶ 7 & Ex. 1 § 11.8; Resp't's Opp'n at 1. The issues

before the arbitrator included, among other things, the enforceability of certain provisions of the Partnership Agreement, whether Mr. Lightfoot was required to indemnify Koonz McKenney for a Medicare lien that Koonz McKenney paid after Mr. Lightfoot left the firm, and whether Koonz McKenney was entitled to a portion of fees due to Mr. Lightfoot from former Koonz McKenney clients who chose to continue to be represented by Mr. Lightfoot after he left the firm. *See* Resp't's Opp'n at 1.

On June 22 and 23, 2021, the parties participated in an evidentiary hearing before an arbitrator selected pursuant to the rules of the McCammon Group. *See* Pet'r's Mot. for Confirmation ¶¶ 7-8 & Ex. 2. Both parties were represented by counsel throughout the proceedings. *Id.* ¶ 10. On August 4, 2021, the arbitrator, former U.S. Magistrate Judge Barry Poretz, issued an award ("the Award") in favor of Koonz McKenney and against Mr. Lightfoot in the total amount of $474,399.92, subject to offset. *See id.*, Ex. 3 at 1-2. Among other things, the arbitrator found that Mr. Lightfoot acted in "conscious, willful, and reckless disregard for the liability of [Koonz McKenney]" in failing to retain sufficient funds in an escrow account to cover a Medicare lien that went unpaid during his years at Koonz McKenney, a deficiency that the firm was ultimately required to cover. *See id.*, Ex. 3 at 1. The arbitrator also awarded Koonz McKenney half of the fees to which Mr. Lightfoot was entitled from a civil settlement ("the settlement matter") for a client whom Mr. Lightfoot began representing while at Koonz McKenney and whom he continued to represent after leaving the firm. *See id.*, Ex. 3 at 1-2. The arbitrator, however, denied Koonz McKenney's request for a 50% share of future fees Mr. Lightfoot collected for eleven other clients who chose to leave the firm to be represented by Mr. Lightfoot, finding that the provision of the Partnership Agreement requiring those payments was unenforceable on public policy grounds. *See id.*, Ex. 3 at 1-3.

On August 23, 2021, Mr. Lightfoot filed with the arbitrator a motion to modify or correct the Award, arguing that the arbitrator erred in calculating the Award, that Koonz McKenney's damages were not proximately caused by any act by Mr. Lightfoot, and that the Award impermissibly purported to bind a client of Mr. Lightfoot who was not a party to the arbitration agreement. *See id*., Ex. 4 at 1. On August 31, 2021, the petitioner filed a response to the motion to modify, arguing that the motion represented an impermissible challenge to the merits of the Award. *See id*., Ex. 5 at 1-2. On September 3, 2021, the arbitrator issued an order denying the motion to modify in its entirety, adopting the reasoning set forth in Koonz McKenney's response, but denying Koonz McKenney's request for an award of attorney's fees. *See id.*, Ex. 6.

On September 20, 2021, the petitioner filed a motion for confirmation in the Superior Court, requesting judicial confirmation of the Award pursuant to the District of Columbia Revised Uniform Arbitration Act ("DCAA"), D.C. Code §§ 16-4401 *et seq*. *See generally* Pet'r's Mot. for Confirmation. The respondent filed his opposition to confirmation and motion to vacate or modify the Award on October 20, 2021. *See generally* Resp't's Opp'n; Resp't's Mot. to Vacate or Modify Arbitration Award and Supporting Memorandum (Resp't's Mot. to Vacate"). On November 8, 2021, the petitioner filed its motion to seal its opposition and reply brief. *See generally* Mot. to Seal Pet'r's Opp'n to Resp't's Mot. to Vacate or Modify Arbitration Award and Reply in Supp. of Mot. to Confirm Incl. Exs. 1-6.[1] On November 8, 2021, the petitioner filed its opposition to the respondent's motion to vacate or modify and reply in support of its motion to confirm the

---

[1] The respondent consented to the petitioner's motion to seal. Upon the consent of the parties, and for the reasons stated in the petitioner's motion, the Court grants the consent motion to seal.

arbitration award.[2] *See generally* Pet'r's Opp'n to Resp't's Mot. to Vacate or Modify Arbitration Award and Reply in Supp. of Mot. to Confirm Arbitration Award ("Pet'r's Opp'n and Reply").

## ANALYSIS

### I.   THE COURT DECLINES TO VACATE OR MODIFY THE AWARD

The respondent argues that the arbitrator made an error in awarding damages in connection with the Medicare lien escrow underpayment because the Award "gives a windfall to [Koonz McKenney] for damages it did not incur." *See* Resp't's Opp'n at 3. The respondent also argues that the portion of the Award requiring the respondent to disburse half of the fees to which he was entitled in the settlement matter violates public policy. *See id*. at 8-10. The respondent argues that "the only basis for an award . . . is 50% of the legal fees that could have been earned" by Koonz McKenney, and "the only place that one could find 50% is owed back to [Koonz McKenney] is the void and unenforceable Section 8.7 of the Partnership Agreement." *Id*. at 10. In response, the petitioner argues that the respondent is attempting to relitigate the merits of the case, and further, that the respondent's arguments were already put before the arbitrator in the respondent's first motion to modify and subsequently rejected. *See* Pet'r's Opp'n at 1-2.

Under the DCAA, a court may vacate an arbitration award only if:

  (1) The award was procured by corruption, fraud or other undue means;
  (2) There was:
    (A) Evident partiality by an arbitrator appointed as a neutral arbitrator;
    (B) Corruption by an arbitrator; or

---

[2]    On November 3, 2021, the petitioner filed a motion for leave to file a combined opposition to the motion to vacate and reply in support of its motion to confirm the arbitration award. The respondent opposed the motion, arguing that the petitioner's opposition to the motion to vacate was untimely under D.C. Super. Ct. R. 12-I(e), which requires that oppositions to a motion be filed within 14 days of service. Yet, D.C. Super. Ct. R. 70-I(c) provides that an opposition to a motion to confirm, vacate, or modify an arbitration award under the DCAA "must be served within 21 days . . . after service of the motion." The petitioner's opposition to the motion, filed on November 8, 2021, was timely therefore filed. Accordingly, the Court grants the petitioner's motion for leave to file a combined opposition and reply.

        (C) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

  (3) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to § 16-4415, so as to prejudice substantially the rights of a party to the arbitration proceeding;

  (4) An arbitrator exceeded the arbitrator's powers;

  (5) There was no agreement to arbitrate; or

  (6) The arbitration was conducted without proper notice of the initiation of an arbitration as required in § 16-4409 so as to prejudice substantially the rights of a party to the arbitration proceeding.

D.C. Code §§ 16-4423(a)(1)-(6).

The DCAA also authorizes a court to vacate an arbitration award on "any reasonable ground." *Id.* § 16-4423(b). This provision, however, was not intended to "abandon the standard of narrow and extremely limited judicial review of an arbitration award." *Zegeye v. Liss*, 70 A.3d 1208, 1209 n.3 (D.C. 2013) (quoting *A1 Team USA Holdings, LLC*, 998 A.2d at 326); *see also Dolton v. Merrill Lynch*, *Pierce, Fenner & Smith, Inc.*, 935 A.2d 295, 298 (D.C. 2007) ("This court will not set aside an arbitration award for errors of either law or fact made by the arbitrator."). "With rare exceptions, an award will not be disturbed unless the arbitration panel is found to have ruled on matters beyond the scope of its authority or unless it appears that the panel manifestly disregarded the law." *Zegeye*, 70 A.3d. at 1210 (quoting *Dolton*, 935 A.2d at 298) (internal quotation marks, ellipses and citations omitted).

Finally, D.C. Code § 16-4424(a)(1)-(3) provides for modification or correction of an award when:

> [t]here was an evident mathematical miscalculation . . . ; [t]he arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or [t]he award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

D.C. Code §§ 16-4424(a)(1)-(3).

Here, the respondent has not demonstrated that any provision of the DCAA warrants vacating or modifying the Award. First, the Court declines to modify the portion of the Award concerning the Medicare lien. The argument that the respondent advances here—that the petitioner's award for the lien should have been limited to $73,086.23, the amount stated in petitioner's arbitration demand—is one it raised in its post-hearing motion to modify or correct the award. *See* Pet'r's Mot. for Confirmation, Ex. 4 at 4-5. In that motion, as here, the respondent argued that the portion of the Award requiring the respondent to "reimburse" the petitioner the full $129,066.59 for the amount paid to satisfy the Medicare lien seemingly failed to account for the $55,980.36 that remained in the escrow account when Mr. Lightfoot left the firm and that was applied to the Medicare lien. *See id.*, Ex. 3 at 1. Yet, in denying the motion to modify, the arbitrator squarely rejected the argument, confirming that the award amount did not result from an oversight or mathematical error. *See id.*, Ex. 6. In so ruling, the arbitrator expressly adopted and incorporated the reasoning of the petitioner's opposition to the motion to modify, in which the petitioner argued that the $129,066.59 award resulted from the arbitrator's "mandate[d] consideration of monetary penalties for Lightfoot's misconduct and compensation for the harm to Koonz McKenney." *Id.*, Ex. 5 at 3. This damages award, the petitioner argued, was mandated by the arbitrator's finding in the Award that the respondent's actions with respect to the escrow underpayment "constituted conscious, willful and reckless disregard for the liability of the Firm and its partners within the meaning of Article 5.7(e) of the partnership Agreement" and that in so doing, the respondent "violated his fiduciary duties to the firm and his partners." *Id.*, Ex. 3 at 1.

As such, the respondent's challenge to this portion of the Award represents a challenge not to the arbitrator's math, but instead, to his reasoning and conclusions. While the respondent may insist that the arbitrator's reasoning and conclusions were in error, such errors do not serve as a

basis to vacate an arbitration award. *See Dolton*, 935 A.2d at 298. Accordingly, the Court declines to vacate the portion of the Award concerning the escrow underpayment.

The Court also declines to modify the portion of the Award requiring him to pay the petitioner half the fees to which he was entitled in connection with the settlement matter. *See* Resp't's Mot. to Vacate at 8-10. The argument the respondent raises here—that this portion of the Award hinges on Section 8.7 of the Partnership Agreement, which the arbitrator found unenforceable on public policy grounds—is one that he pressed in his motion to modify the arbitration award. *See* Pet'r's Mot. for Confirmation, Ex. 4 at 6-7. In rejecting this argument, the arbitrator adopted the reasoning of the petitioner's opposition:

> Unlike the other cases that Lightfoot took with him as part of the client choice letter process . . . [the settlement matter] does not involve an allocation of fees under the Partnership Agreement. Instead, the original . . . retainer agreement—the only operative agreement given the Arbitrator's express finding that the second retainer agreement was fraudulently modified—expressly reflects the agreed-upon fee split between Koonz McKenney and Lightfoot's new firm. As a result, the purported public policy concerns relied on by Lightfoot as a basis for invalidating section 8.7 of the Partnership Agreement do not apply with respect to the [settled matter]. As ruled by the Arbitrator, the proper allocation for the [settled matter] fee is expressly set forth in the original retainer agreement . . . . Moreover, Koonz McKenney provided more than a sufficient basis for the Arbitrator to find, based on a quantum meruit analysis, that at least 50% of the work performed in the case was performed while Lightfoot was still at Koonz McKenney.

*Id.*, Ex. 5 at 6-7; *see also id.*, Ex. 6.

Accordingly, the arbitrator distinguished the settlement matter, for which the fee allocation was governed by a retainer agreement between the petitioner and the respondent's new firm, and the other clients who chose to stay with the respondent, where the petitioner's claim for fees was based on Section 8.7 of the Partnership Agreement. Although a court may in some circumstances overturn an arbitration award on public policy grounds, *see A1 Team USA Holdings, LLC*, 998

A.2d at 327 (quoting *Fairman v. District of Columbia*, 934 A.2d 438, 443 (D.C. 2007)), the record here does not support overturning the Award on that basis.

In short, the respondent has failed to establish any basis under the DCAA for vacating the Award. Accordingly, the Court denies the respondent's motion to vacate or modify the arbitration award.

## II.   THE COURT CONFIRMS THE ARBITRATION AWARD

In its petition for confirmation, the petitioner argues that it is entitled to confirmation pursuant to D.C. Code § 16-4422. *See* Pet'r's Mot. to Confirm at 3. D.C. Code § 16-4422 allows for a party to move for the confirmation of an arbitration award after receiving notice of the award. Upon such a motion, the court shall issue a confirming order unless the award is modified or corrected by the arbitrator or the court, or unless the award is vacated pursuant to D.C. Code § 16-4423. *See id*. Because the Court declines to vacate the Award as discussed above, it grants the petitioner's motion to confirm the Award.

## III.   THE COURT DECLINES TO AWARD ATTORNEY'S FEES

The DCAA provides that "on application of a prevailing party to a contested judicial proceeding under §  16-4422, 16-4423, or 16-4424, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award." D.C. Code § 16-4425(c).

Under these unique circumstances, the Court declines to award attorney's fees to the petitioner. Although the Court has concluded that the respondent failed to establish that modification of the Award was warranted given the narrow scope of judicial review of arbitration awards under the DCAA, the arguments raised by the respondent in his motion to vacate were not

frivolous or brought in bad faith. Furthermore, because the arguments raised in the respondent's motion to vacate mirror those raised in the motion to modify denied by the arbitrator, the petitioner was able to draw on its prior opposition to the motion to modify in opposing the motion to vacate. Indeed, in denying the respondent's motion to modify the Award, the arbitrator denied the petitioner's request for attorney's fees incurred in connection with opposing the motion to modify. *See* Pet'r's Mot. for Confirmation, Ex. 6. The Court notes further that in connection with the Medicare lien escrow underpayment, the arbitrator appears to have already imposed significant damages against the respondent beyond the economic loss incurred by the petitioner. Under these circumstances, the Court declines to add attorney's fees to the judgment confirming the Award.

## CONCLUSION

Accordingly, it is this 23rd day of February, 2022, hereby

**ORDERED** that the petitioner's motion for leave to combine opposition and reply brief is **GRANTED**.

**ORDERED** that the petition to confirm arbitration award is **CONFIRMED** as against respondent William Lightfoot; and it is further

**ORDERED** that the respondent's motion to vacate or modify arbitration award is **DENIED**; and it is further

**ORDERED** that the petitioner's motion to seal is **GRANTED**.

**SO ORDERED**.

_____
Judge Jason Park
Superior Court of the District of Columbia

Copies to counsel of record via CaseFileXpress.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KOONZ MCKENNEY JOHNSON &
DEPAOLIS LLP,

        Petitioner,

    v.

WILLIAM P. LIGHTFOOT,

        Respondent.

Case No:  2021 CA 003418 B

Judge Jason Park

## **JUDGMENT**

For the reasons stated in the order issued contemporaneously herewith, it is this 23rd day of February, 2022, hereby

**ORDERED** that the arbitration award dated August 4, 2021 is **CONFIRMED** as against respondent William P. Lightfoot; and it is further

**ORDERED** that judgment is entered in favor of petitioner Koonz McKenney Johnson & DePaolis LLP, and against respondent William P. Lightfoot, in the amount of $474,399.92, with post-judgment interest to accrue at the statutory rate per annum.

**SO ORDERED**.

_____
Judge Jason Park
Superior Court of the District of Columbia

Copies to counsel of record via CaseFileXpress.